United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER KAIDI, individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>T-MOBILE USA, INC. d/b/a METRO BY T-MOBILE, and DOES 1-10, Inclusive,<br>Defendant. | Case No. 26-cv-04412-TLT<br>**ORDER REMANDING ACTION TO NAPA COUNTY SUPERIOR COURT CASE NO. 26-CV-000730**<br>Re: Dkt. Nos. 26, 34 |

Plaintiff Spencer Kaidi filed this putative class action against Defendant T-Mobile USA, Inc. d/b/a Metro by T-Mobile, alleging that it installs third-party trackers on individuals' internet browsers when they visit the website https://www.metrobyt-mobile.com in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, and various California laws. ECF 16. Plaintiff initially filed the complaint in the Napa County Superior Court, and Defendant removed it based on federal question jurisdiction and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). ECF 1.

As a review of the complaint raised concerns about the Court's subject matter jurisdiction, the parties were ordered to address Article III standing based on Plaintiff's failure to allege facts that support an inference that he suffered a concrete injury. ECF 34, 36. The Court also ordered Defendant to address why this action should not be remanded to the state court. *Id*. The parties timely submitted their responses. ECF 35, 37.

Plaintiff contends that the existing complaint establishes Article III standing. ECF 35 at 3. Plaintiff claims that Defendant "caused his browser in real time to send third-party domains copies of pages viewed and information revealing those interests, with IP/device/browser and

cookie/session identifier." *Id.* (citing FAC ¶¶ 76–77, 128–140). As a result, "the injury is interception, disclosure and commercial use of substantive communications in persistently recognizable form." ECF 35 at 3. Defendant responds that the complaint alleges facts sufficient to establish Article III standing. ECF 37 at 2. In support, Defendant relies on *Spears v. The Campbell's Soup Co.*, No. 26-cv-02385-TSH, 2026 WL 2654729 (N.D. Cal. Sept. 8, 2026) and *Correia v. Lulu & Georgia, Inc.*, No. 3:26-cv-01186-GPC-JLB, 2026 WL 2343093 (S.D. Cal. Aug. 12, 2026). Having considered the submissions and legal authority, the Court finds that this action lacks Article III standing.

A "concrete" injury can include "intangible harms," such as "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). The Ninth Circuit addressed Article III standing in a privacy case similar to this one in *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). There, the plaintiff alleged that the defendant's session-replay technology captured her information while she browsed for pet supplies on a pet supply website. The Ninth Circuit affirmed the district court's dismissal for lack of Article III standing because the nature of the collected information was not "embarrassing, invasive, or otherwise private." *Id.* at 786–87, 791. The Ninth Circuit held that the plaintiff had not established "how the tracking of her interactions [] caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* at 791.

Plaintiff responds that "the offensiveness rests on third-party access, content, persistence, nonconsent, and commercial use, not technology alone." ECF 35 at 2. However, courts in the Ninth Circuit have consistently concluded "disclosure of one's email address and IP address, without more, does not bear similarity to the 'highly offensive' interferences or disclosures that were actionable at common law." *Wooten v. BioLife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139, 1144 (E.D. Cal. 2025) (collecting cases with similar reasoning); *see also Carolus v. Nexstar Media Inc.*, No. 24-cv-07790-VC, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (rejecting theory of concrete injury based on a privacy interest in controlling one's personal information where the plaintiffs alleged collection of their IP addresses because that "only disclose[s] the fact

that a given device visited [the] website and the general location of that device, including what zip code it's in [defendant's] acquisition of that information does not cause the kind of harm that can be vindicated in federal court.").

Defendant's reliance on *Spears* and *Correia* is misplaced. In those cases, the court found that the injuries were concrete because the plaintiffs had a reasonable expectation of privacy after affirmatively rejecting tracking cookies, but defendants collected their information nevertheless. *Spears*, 2026 WL 2654729 at *11; *Correia*, 2026 WL 2343093 at 3.

Relatedly, Plaintiff does not allege that he affirmatively rejected tracking cookies. *See* FAC *passim*. Although Plaintiff alternatively requests leave to amend to allege additional facts under Federal Rule of Civil Procedure 15(a)(2), he does not identify any proposed allegation that he affirmatively rejected tracking cookies. ECF 35 at 3. Subsequently, the Court concludes that amendment would be futile.

Separately, Defendant requests the Court dismiss the action under Federal Rule of Civil Procedure 12(b)(6) rather than remand. ECF 37 at 2. Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." "[T]he literal words of §1447(c) [] on their face, give [] no discretion to dismiss rather than remand an action"; rather, [t]he statute declares that, where subject matter jurisdiction is lacking, the removed case 'shall be remanded.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991). While "[a] narrow futility exception to this general [remand] rule permits the district court to dismiss an action rather than remand," it is only where "there is absolute certainty that the state court would dismiss the action following remand." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56F.4th 1179, 1189 (9th Cir. 2022) (cleaned up, emphasis added).[1] Defendant has not shown that dismissal is an absolute certainty, and the Court follows the mandate of Section 1147(c) and remands this action to state court.

---

[1] The Ninth Circuit noted it was an open question as to whether the futility exception was good law in light of *International Primate*, but concluded it was bound by its precedent to apply the exception. *Sauk-Suiattle*, 56 F.4th at 1189–90.

United States District Court
Northern District of California

Accordingly, the Court **REMANDS** this action to the Napa County Superior Court, Case No. 26-CV-000730, for lack of subject matter jurisdiction. The pending Motion to Dismiss is DENIED without prejudice. ECF 26.

This Order resolves ECF 26.

IT IS SO ORDERED.

Dated: October 21, 2026

TRINA L. THOMPSON
United States District Judge